# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL CAJON LUXURY CARS, INC., dba Bob Baker Lexus, a California Corporation,<br><br>                              Plaintiff,<br>  vs.<br><br>TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.,<br><br>                              Defendant. | CASE NO. 11CV1248 JLS (MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>(ECF No. 15) |

Presently before the Court is Defendant Tokio Marine and Nichido Fire Insurance Co., Ltd.'s ("Defendant" or "Tokio Marine") motion to dismiss complaint. (Mot. to Dismiss, ECF No. 15) Also before the Court are Plaintiff El Cajon Luxury Cars, Inc., dba Bob Baker Lexus's ("Plaintiff" or "Bob Baker Lexus") response in opposition, (Resp. in Opp'n, ECF No. 17), and Defendant's reply, (Reply in Supp., ECF No. 18). The Court heard oral argument on February 23, 2012, and the matter was thereafter taken under submission. Having considered the parties' arguments and the law, the Court **GRANTS** Defendant's motion to dismiss, but gives Bob Baker Lexus an opportunity to amend.

## BACKGROUND

This Order incorporates the factual and procedural history as set forth in this Court's prior Order dismissing Plaintiff's complaint. (Order, Nov. 8, 2011, at 1–2, ECF No. 13) In that Order, the Court held that although coverage for the underlying claim against Bob Baker Lexus was within the scope of the Tokio Marine insurance policy, the claim nevertheless fell within the

Completed Operations exclusion. (*Id.* at 8) As such, the Court dismissed without prejudice Plaintiff's declaratory relief and other claims. (*Id.* at 9)

Bob Baker Lexus filed a First Amended Complaint ("FAC") on November 22, 2011, (FAC, ECF No. 14), and Tokio Marine again moved to dismiss on December 12, 2011, (Mot. to Dismiss, ECF No. 15).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific

1 analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation
2 omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere
3 possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is
4 entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give
5 rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading."
6 *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court
8 determines that the allegation of other facts consistent with the challenged pleading could not
9 possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
10 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
11 1986)). In other words, where leave to amend would be futile, the Court may deny leave to
12 amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

Bob Baker Lexus urges that the FAC should not be dismissed because (1) the correct
15 interpretation of the policy compels a finding of potential coverage, (2) the history of the subject
16 policies compels a finding of potential coverage, (3) the history between the parties reveals an
17 admission of coverage, and (4) the underlying claims and potential claims are covered. (*See* Resp.
18 in Opp'n, ECF No. 17)[1] The Court considers each argument in turn.

**1. Interpretation of the Policy**

In this Court's prior Order, it conducted a thorough analysis of the Tokio Marine insurance
21 policy. (Order, Nov. 8, 2011, at 4–9, ECF No. 13) Applying California insurance contract
22 interpretation principles, the Court determined that the claim asserted in the underlying action was
23 "unambiguously within the scope of the policy." (*Id.* at 7) Nevertheless, the Court found that the
24 "'Completed Operations' exclusion in the Tokio Marine policy is not ambiguous," and that

---

[1] Bob Baker Lexus further requests that "in the event that this Court fails to find that the actual and potential theories at issue in the Underlying Action trigger coverage under the Policies," the Court stay the instant action "until such time that discovery (or trial) is completed in the Underlying Action so that a coverage determination can be made based on all of the theories advanced therein." (Resp. in Opp'n 11, ECF No. 17) The Court doubts that a stay on this basis would be appropriate, and notes that to the extent Bob Baker Lexus is requesting a stay, such a request must be made by noticed motion.

1. "claims arising out of Plaintiff's work—which encompasses Plaintiff's service on the vehicle—after that work is completed are excluded from coverage under the insurance policy." (*Id.* at 8)

Plaintiff's opposition brief on this point is a verbatim copy of its opposition filed in support of the prior motion to dismiss in this case. *Compare* (Resp. in Opp'n 2–3, 9–11, ECF No. 17), *with* (Resp. in Opp'n 2–4, 4–7, ECF No. 10). This is tantamount to a request for reconsideration of the Court's prior Order, but in a procedurally improper manner and without any asserted justification for reconsideration.[2] *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (indicating that reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law"). Accordingly, the Court will not disturb its prior Order interpreting the insurance policy.

**2.  History of the Policies**

Bob Baker Lexus further argues that "Toyota/Lexus specifically negotiated with Tokio Marine to obtain insurance coverage, and Tokio Marine actually intended to provide coverage, that would insulate participating dealers from liability for any claims arising out of Lexus Customer Convenience System (hereinafter "LCCS") operations." (Resp. in Opp'n 3–4, ECF No. 17) Specifically, Bob Baker Lexus points to the LCCS manual, which includes information regarding insurance coverage for LCCS-participating dealers, such as Bob Baker Lexus. And, according to Bob Baker Lexus, "[t]he language from the LCCS manual establishes that the intended purpose (and, indeed, a reasonable interpretation) of the Policies was to insulate Bob Baker's loaner car operation from the remainder of its business." (*Id.*)

It is true that a court must interpret an insurance contract "to give effect to the mutual intention of the parties as it existed at the time of contracting." Cal. Civ. Code § 1636. Even if the

---

[2] At oral argument, counsel for Bob Baker Lexus argued that this should not be viewed as a motion for reconsideration in light of the "additional allegations in the amended complaint with respect to the reasonable expectations of the insured." (Unofficial Tr. 3) The Court has already ruled as to the proper interpretation of Tokio Marine's insurance policy, however, and that interpretation stands here. *See Milgard Tempering v. Selar Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (law of the case doctrine).

1  LCCS manual were to guide a different interpretation of the insurance policies at issue, however,
2  California insurance law is clear that for written contracts, "the intention of the parties is to be
3  ascertained from the writing alone, if possible." Cal. Civ. Code § 1639; *see also Haynes v.*
4  *Farmers Ins. Exch.*, 89 P.3d 381, 385 (Cal. 2004) (applying section 1639 to an insurance contract).
5  Here, the Court has already held that the language of the policies is unambiguous. (Order, Nov. 8,
6  2011, at 7, 8, ECF No. 13)  Thus, the Court need not look to extrinsic evidence such as the LCCS
7  manual in order to determine whether there is coverage here.

8       Nevertheless, a review of the LCCS manual does not alter the Court's conclusion. The
9  manual indicates that insurance coverage is provided to "ensure[] that the dealer's [Bob Baker
10 Lexus] garage liability policy is not adversely affected from claims resulting from service loaner
11 activity." (FAC Ex. 3, at 32, ECF No. 14)[3]  The manual goes on to explain that the insurance
12 provides "[c]ollision coverage," "[c]omprehensive coverage," and protects the dealership from
13 bodily injury and property damage liability exposures. (*Id.* at 34)  The manual does not indicate
14 that the insurance is intended to protect Bob Baker Lexus from liability arising out of its negligent
15 maintenance or service of an automobile, however.  And while the maintenance and service of its
16 loaner fleet of vehicles may conceivably fall within "service loaner activity," the Court does not
17 find that the LCCS manual compels a different reading of the insurance policies at issue,
18 especially where California law dictates that "where the language of a contract is clear, we
19 ascertain intent from the plain meaning of its terms and go no further." *Blackhawk Corp. v.*
20 *Gotham Ins. Co.*, 63 Cal. Rptr. 2d 413, 418 (Cal. Ct. App. 1997).

21 **3. History Between the Parties**

22      Bob Baker Lexus further contends that Tokio Marine's action of offering to tender the
23 policy limits of the Primary Policy . . . acknowledge[s] the existence of coverage and the lack of
24 any coverage defenses under the Primary Policy." (FAC ¶ 29, ECF No. 14)  Specifically, Bob
25 Baker Lexus points to a January 27, 2010, letter wherein Tokio Marine stated that it was "ready to
26 pay its applicable limits of $15,000 per person and $30,000 per accident," (FAC Ex. 6, at 88, ECF
27 No. 14), and an April 25, 2010, letter wherein Tokio Marine stated

28

---

[3] Pin cites to exhibits to the FAC utilize the page numbers assigned by CM/ECF.

> Tokio Marine Nichido has previously offered the MFR limits of policy CA 859 000 404 - for bodily injury, those are $15,000 per person and $30,000 per accident - on the assumption that a claim would be made with respect to Bob Baker Lexus' ownership of the subject auto. Although, as drafted, the Complaint does not assert such a claim, Tokio Marine Nichido does not withdraw this previous offer.

(*id.* Ex. 7, at 94, ECF No. 14)[4]

Bob Baker Lexus contends that these statements constitute an admission by Tokio Marine "that there is the potential for coverage in the Underlying Action," such that Tokio Marine would have a duty to defend. (Resp. in Opp'n 6, ECF No. 17) The Court disagrees. Indeed, the very next sentence in the April 25, 2010, letter states the following: "However, since the Complaint does not allege a loss potentially within the coverage of policy CA 859 000 404, Tokio Marine Nichido denies any duty to defend this lawsuit." (FAC Ex. 7, at 95, ECF No. 14) The Court therefore finds Plaintiff's argument unavailing; Tokio Marine at no point admitted potential coverage, and any alleged admission would not disrupt the Court's conclusion that there is no potential for coverage.

**4. Coverage of Underlying Claims and Potential Claims**

Finally, Bob Baker Lexus continues to argue not only that the underlying claims are potentially covered by the Tokio Marine insurance policies, but also that the underlying complaint could be amended to allege additional claims that could potentially be covered. (Resp. in Opp'n 6–7, ECF No. 17) At present, the underlying action asserts only a cause of action for negligence against Bob Baker Lexus, relating to its "maintenance, care and servicing" of the subject vehicle. (Compl. Ex. 1, at 5, ECF No. 1-1) Although the original complaint in the underlying action

---

[4] Tokio Marine argues in its reply brief that there was an additional letter dated May 28, 2010, wherein Tokio Marine rescinded its offer of the policy limits. (Reply in Supp. 5, ECF No. 18) That letter stated, in relevant part:

> You object that Tokio Marine has continued to offer the MFR limits of $15,000 per person and $30,000 per accident. Tokio Marine had first tendered these limits before the complaint was filed. Bob Baker, as owner of the auto, could be vicariously liable under the owners liability law. Of course, the complaint has not made such a claim. Tokio Marine did leave this authority extended, because it had already been offered. But given your argument that it is inconsistent for Tokio Marine to leave that authority extended, in light of the allegations of the lawsuit and Tokio Marine's coverage position, Tokio Marine withdraws that authority. Tokio Marine disputes National Union's assertion that this constitutes an admission.

(Decl. of Timothy M. Thorton ISO Mot. to Dismiss Ex. B, at 3, ECF No. 21-2)

included a cause of action for products liability, the products liability claim was later settled for a release of all parties, including Bob Baker Lexus.  (Mot. to Dismiss Ex. A, ECF No. 15-1 (Settlement Agreement and Release))

The Court has already determined that Plaintiff's negligent "maintenance, care and servicing" of the vehicle—all that is asserted in the underlying action—falls within the Completed Operations exclusion and therefore there is no possibility of coverage under the policy.  (Order, Nov. 8, 2011, at 8, ECF No. 13)  Nevertheless, Bob Baker Lexus contends that there remains some as-yet unarticulated theory of recovery that could potentially be covered.  Bob Baker Lexus alleges that the underlying complaint could be amended to allege Bob Baker Lexus' "fail[ure] to correct a known problem with the Vehicle," "provid[ing] a defective vehicle to the decedents," or "fail[ure] to warn of the dangers associated with the vehicle," (FAC ¶ 16, ECF No. 14), all pertaining "to an alleged design or manufacturing defect" in the leased vehicle. (*id.* ¶ 17).  But the underlying complaint cannot be amended to include any of these claims in light of the settlement agreement between the parties.

The Settlement Agreement released all claims except those that were reserved in the agreement:

> "RESERVED CLAIMS": Includes only claims of alleged independent negligence against defendant dealer El Cajon Luxury Cars, Inc. dba Bob Baker Lexus. RESERVED CLAIMS does include all issues of negligence against El Cajon Luxury Cars, Inc. dba Bob Baker Lexus arising from the death of the Decedents, including but not limited to Baker's alleged negligence arising from its alleged improper maintenance, repair, or preparation of the VEHICLE, and any alleged negligence in connection with the placement, replacement, fitting, use, selection or installation related to the floor mats in the VEHICLE. RESERVED CLAIMS does not include any product liability related claims or causes of action regardless of whether stated as negligence, strict products liability, breach of any warranty, including any express, implied or certified used vehicle warranty, or failure to warn of any alleged product defect. RESERVED CLAIMS does not include claims against El Cajon Luxury Cars, Inc. dba Bob Baker Lexus for bodily injury, property damage or breach of warranty caused solely by an alleged defect in design, manufacture or assembly of the VEHICLE, or any alleged misrepresentations, misleading statements, unfair or deceptive trade practices of RELEASEES.

(Mot. to Dismiss Ex. A, at 7, ECF No. 15-1)  Thus, the Settlement Agreement prevents the underlying complaint from being amended to include any product liability–related claims, such as those proposed by Bob Baker Lexus in the FAC.  Because the underlying complaint could not be amended to include the theories Bob Baker Lexus points to in the FAC, Bob Baker Lexus has not

alleged any theory of liability that would potentially be covered by the Tokio Marine policy. For this reason, the FAC must be dismissed.

The Court dismisses the FAC without prejudice, however. Though not articulated in Plaintiff's opposition papers,[5] at oral argument Bob Baker Lexus presented an additional theory of liability that could be asserted in the underlying action, which the Court finds would potentially be covered by the Tokio Marine insurance policy. Namely, Plaintiff's counsel indicated that "the prior renter [brought] in [the subject] vehicle [to Bob Baker Lexus], [said to the rental clerk] 'I had an unanticipated acceleration event and you guys should look into this,' and the rental clerk essentially said, 'oh, that sounds horrible, we'll look into it,' and nothing was done." (Unofficial Tr. 5) Based on this, Plaintiff's counsel identified an alternative theory of liability: Bob Baker Lexus had notice of a dangerous problem with the vehicle, and yet negligently rented the vehicle to another customer. This theory of liability does not arise out of Plaintiff's "work" on the vehicle, and is not tied to any product liability–based claim. As such, the Court is convinced that Bob Baker Lexus could amend the FAC to allege a theory of liability that would potentially be covered by Tokio Marine's policy.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Tokio Marine's motion to dismiss. The Court **DISMISSES** the FAC **WITHOUT PREJUDICE** to Bob Baker Lexus amending it to include allegations of a theory of liability that could potentially be covered by the Tokio Marine

---

[5] Bob Baker Lexus did briefly address this argument in its opposition to the prior motion to dismiss, stating that

> the customer who drove the subject vehicle immediately before the fatal accident, Frank Bernard, testified that he informed Bob Baker of an unintended acceleration event. If it is proven in the Underlying Action that Bob Baker failed to appropriately respond to this information, then the claim would be founded on the failure to investigate a potential problem with the Vehicle. Even if, as Defendant asserts, the completed operations exclusion applies in this case, this theory of liability would not fall within the exclusion.

(Resp. in Opp'n 8, ECF No. 10) Having expanded on this potential theory of liability during oral argument, the Court is now convinced that such a claim would potentially be covered by the Tokio Marine policy. To the extent that the Court suggested otherwise in its prior Order, (Order, Nov. 8, 2011, at 9, ECF No. 13), this Order clarifies that such a claim would not be covered by the Completed Operations exclusion.

1 | insurance policy, such as that described above.  Bob Baker Lexus **SHALL FILE** its second
2 | amended complaint within <u>fourteen days</u> of the date this Order is electronically docketed.
3 |     **IT IS SO ORDERED**.

5 | DATED: March 6, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge