# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL CAJON LUXURY CARS, INC. dba Bob Baker Lexus, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.,<br><br>Defendant. | CASE NO. 11CV1248 JLS (MDD)<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(ECF No. 26) |

Presently before the Court is Defendant Tokio Marine and Nichido Fire Insurance Co., Ltd.'s ("Defendant" or "Tokio Marine") Motion to Dismiss Second Amended Complaint. (MTD, ECF No. 26)  Also before the Court are Plaintiff El Cajon Luxury Cars, Inc., dba Bob Baker Lexus's ("Plaintiff" or "Bob Baker Lexus") response in opposition, (Resp. in Opp'n, ECF No. 17), and Defendant's reply, (Reply in Supp., ECF No. 18).  The hearing set for the motion on June 7, 2012, was vacated, and the matter taken under submission on the papers.  Having considered the parties' arguments and the law, the Court **DENIES** Defendant's motion to dismiss.

This Order incorporates the factual and procedural history as set forth in this Court's prior Orders dismissing Plaintiff's complaint, (Order, Nov. 8, 2011, at 1–2, ECF No. 13), and first amended complaint ("FAC"), (Order, Mar. 6, 2012, at 1–2, ECF No. 22).  After granting Defendant's motion to dismiss a second time, the Court allowed Plaintiff one final opportunity to amend its complaint in light of a theory of liability raised for the first time at oral

1  argument—namely, that Bob Baker Lexus had notice of a dangerous problem with the subject
2  vehicle, and yet negligently rented the vehicle to another customer. (Order, Mar. 6, 2012, at 8,
3  ECF No. 22) And so, Plaintiff filed its Second Amended Complaint ("SAC") on March 20, 2012,
4  (SAC, ECF No. 23), and the instant motion to dismiss soon followed, (MTD, ECF No. 26).

5  The Court has twice held that the claim for negligent "maintenance, care and servicing" of
6  the subject vehicle asserted in the underlying action is unambiguously within the scope of the
7  Tokio Marine insurance policy, but that the Completed Operations exclusion applies to exclude
8  coverage over that claim. The Court does not disturb that holding here. Instead, the Court focuses
9  on whether some other theory of liability—one that has not yet been alleged in the underlying
10  action but that conceivably *could* be alleged[1]—is covered by the insurance policy.

11  Plaintiff's SAC mirrors the FAC, but adds allegations pertaining to this alternative theory
12  of liability. Specifically, Bob Baker Lexus alleges that a prior renter experienced an unintended
13  acceleration event in the subject vehicle and alerted a receptionist about the problem upon
14  returning the vehicle, but the receptionist failed to properly document the complaint. As a result,
15  the car remained in the loaner fleet and Bob Baker Lexus loaned the vehicle to another
16  customer—Mr. Saylor, of the underlying action—despite the reported problem. (SAC
17  ¶¶ 17a–19a,[2] ECF No. 23) In giving Bob Baker Lexus a final opportunity to amend its complaint,
18  the Court previously commented that "[t]his theory of liability does not arise out of Plaintiff's
19  'work' on the vehicle, and is not tied to any product liability–based claim." (Order, Mar. 6, 2012,
20  at 8, ECF No. 22)

21  At the heart of the instant motion to dismiss is whether, under this new theory of liability, a
22  receptionist's duties qualify as "work or operations" that would fall under the Completed
23  Operations exclusion. In order to rely on an exclusion to deny that it has a duty to defend, Tokio

---

[1] "[T]he insured is entitled to a defense if the underlying complaint alleges the insured's liability for damages *potentially* covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy." *Montrose Chem. Corp. v. Super. Ct.*, 861 P.2d 1153, 1160 (Cal. 1993).

[2] In adding these new allegations to its complaint, Bob Baker Lexus inadvertently failed to change the paragraph numbering for the remainder of the complaint. As a result, there are two paragraphs numbered 17 through 20 in the SAC. This Order cites to the first set of paragraphs 17 through 20 as 17a through 20a, and the second set as 17b through 20b.

Marine must provide conclusive evidence that the exclusion applies, *Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 123 Cal. Rptr. 2d 256, 272 (2002), and the Court strictly construes the exclusionary clause in favor of the insured, *N. Am. Building Maint., Inc. v. Fireman's Fund Ins.*, 40 Cal. Rptr. 3d 468, 479 (Cal. Ct. App. 2006).

The Completed Operations exclusion provides that the Tokio Marine insurance policy does not apply to claims arising out of Bob Baker Lexus's "work" after that work has been completed or abandoned, and goes on to explain that "work" means:

> a. Work or operations performed by [Bob Baker Lexus] or on [Bob Baker Lexus's] behalf; and
>
> b. Materials, parts or equipment furnished in connection with such work or operations.
>
> [Bob Baker Lexus's] work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in paragraph a. or b. above.

(Ex. 5 at 41,[3] ECF No. 23-1) As the Court has noted previously, this definition of "work" is identical to the definition in the Completed Operations exclusion at issue in *Baker v. National Interstate Insurance Co.*, 103 Cal. Rptr. 3d 565 (Cal. Ct. App. 2010). There, the California Court of Appeals found that the term "work" includes "a person's services performed in return for payment of money," ultimately holding that a company's "inspection services" fell within the Completed Operations exclusion. *Id.* at 581. Thus, under *Baker*, "[w]hen a person provides a service for a customer, for payment from that customer, the person is 'working' or otherwise 'performing an operation' in the context of his or her business activities." *Id.*

According to Tokio Marine, the receptionist's failure to properly document a customer's complaint about a rental vehicle[4] constitutes "work or operations" because "[t]here is no limitation

---

[3] All pin cites in citations to the exhibits to the SAC utilize the page numbers assigned by CM/ECF.

[4] Throughout the motion to dismiss, Tokio Marine recharacterizes Plaintiff's allegations pertaining to the receptionist's negligence as a "failure to request maintenance" rather than as a "failure to properly document a complaint," as the SAC more accurately alleges. Thus, even assuming

in the [Completed Operations] exclusion or basis to assert that 'work' or 'work or operations' must be physical 'maintenance.'" (MTD 9, ECF No. 26)  Tokio Marine asserts that "work or operations" "include[s] the duties of a Bob Baker Lexus receptionist assigned to receive loaner cars and any duties of Bob Baker Lexus to provide proper maintenance procedures, including procedures addressing or reporting renter complaints." (*Id.* at 11)[5]

Although it is a close call, considering Plaintiff's allegations in light of the principles for interpreting insurance contract exclusions and limiting the allegations of the SAC to Bob Baker Lexus's loaner car operations, the Court finds that Bob Baker Lexus has alleged a theory of liability that might be covered by Tokio Marine's insurance policy.  Bob Baker Lexus provides to its customers a "courtesy loaner vehicle through a rental car program known as the Lexus Customer Convenience System ('LCCS')." (SAC ¶ 5, ECF No. 23)  And pursuant to its courtesy loaner car operations, Bob Baker Lexus alleges that its receptionists have a duty to "properly document" any complaints that come in regarding the loaner vehicles so that the vehicle will not

---

that Tokio Marine is correct that a failure to request maintenance would fall within the Completed Operations exclusion because "a failure to request maintenance would be part and parcel of the 'maintenance, care and servicing' of the Rental Vehicle," (MTD 9, ECF No. 26), the Court's analysis focuses on the allegations of the complaint, rather than on Tokio Marine's recharacterization of those allegations.  And because the Court has already foreclosed any theory of liability arising out of Plaintiff's maintenance operations, the Court interprets the SAC's theory of liability as being limited to the loaner car operations—specifically, the receptionist's failure to report a complaint, which resulted in the car remaining in the loaner fleet such that it was loaned to a subsequent customer.

[5] Tokio Marine bolsters this argument by analogy to case law interpreting insurance contracts with Professional Services exclusions, which generally exclude coverage for claims arising out of the rendering or failure to render professional services.  Interpreting such policies and exclusions, California courts have held that the "crucial factor" in determining whether the exclusion applies is "whether the injuries occurred *during the performance of professional services*." *N. Ins. Co. v. Super Ct.*, 154 Cal. Rptr. 198, 200 (Cal. Ct. App. 1979) (finding the Professional Services exclusion applicable where the harm resulted from a clerical employee's administrative error); *see also Food Pro Internat., Inc. v. Farmers Ins. Exchange*, 89 Cal. Rptr. 3d 1, 13 (Cal. Ct. App. 2008) ("[T]he act that precipitated the injury need not have been one of professional malpractice, as long as the plaintiff was injured in the performance of the professional service.").  And so here, by analogy, Tokio Marine argues that the receptionist's negligent failure to properly document the complaint "do[es] not alter the duty owed by Bob Baker Lexus to its renters, thus [the receptionist's] errors are within the exclusion." (Reply in Supp. 6, ECF No. 29)

The Court appreciates the parallel Tokio Marine attempts to draw between the Professional Services exclusion and the Completed Operations exclusion at issue here, but ultimately finds the analogy unconvincing.  Moreover, this argument appears inconsistent with Tokio Marine's assertion that the receptionist's duties in and of themselves constitute "work or operations."  If the receptionist's duties in and of themselves fit within the Completed Operations exclusion, then Tokio Marine would not need to rely by analogy on these Professional Services exclusion cases in order to avoid coverage.

1  subsequently be loaned to another customer without remedying the reported defect. (*See id.* ¶ 20)

2  Though Tokio Marine emphatically characterizes the receptionist's duties as "work," the Court cannot find that Tokio Marine has carried its burden to conclusively demonstrate that the exclusion applies to this newly asserted potential theory of liability. Nothing in the SAC suggests that customers are required to pay for Bob Baker Lexus's loaner car services; indeed, a more reasonable inference is that this service is provided as a "courtesy" to customers who leave their personal vehicles with Bob Baker Lexus for maintenance services. *Cf. Baker*, 103 Cal. Rptr. 3d at 581. Thus, interpreted in the context of this business model, a "layperson policyholder might reasonably interpret the exclusion's language," *id.*—specifically, the term "work"—to mean the work performed in the service or maintenance of the vehicles, and not a receptionist's work in tracking customer complaints on loaner vehicles. As such, Tokio Marine's motion to dismiss is **DENIED**.

The Court emphasizes, however, that it makes no comment on whether—assuming this theory is eventually asserted in the underlying action—it necessarily falls outside the Completed Operations exclusion. For purposes of this motion, and in the context of the broad duty to defend, the Court merely holds that Bob Baker Lexus has successfully alleged a theory of liability sufficient to withstand a motion to dismiss.

**IT IS SO ORDERED**.

DATED: September 10, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge